Pettibone, J.,
delivered the opinion of the Court.
In this case, a rule was obtained against the plaintiff, that, unless he should, on or before a certain day, in vacation, file in the Clerk’s office, a good and sufficient bond, with security for costs, the suit should be dismissed; it appearing to the satisfaction of the Court, that the plaintiff is not possessed of sufficient property to pay the costs, &c. It appears by the bill of exceptions, that, on the first day of the next succeeding term, the plaintiilj before any motion was made to dismiss the suit, and before the suit was dismissed, tendered a good and sufficient bond for the security of the costs; hut the Court refused to let it he filed, and dismissed the cause without any motion having been made to that effect, and gave judgment against plaintiff for costs. Here being a judgment for costs, a writ of error lies to reverse it, if it has been wrongfully obtained. Whether it has so or not depends upon the correctness of the Court, in dismissing the suit, under the circumstances of the case. We are of opinion, in the first place, that the Court could not dismiss the suit for that cause, unless upon motion of some person interested in the costs. Secondly : that if a good and sufficient bond was tendered, before any motion to dismiss was made, (_Havdm *281 Rep. 172, 540,) the Judge was hound to receive it, as the object of the law would have been fully complied with. The statute is merely directory, that if the party shall fail to comply with the rule, the suit shall be dismissed. If he does not comply within the given time, he is in default; so that the other party may move against him. But if, at any time before the penalty for his default is exacted of him, he complies with the rule, it is sufficient.
The judgment in the Court below must be reversed, and the cause remanded, with directions to that Court, to receive the bond, and proceed in the cause according to law; and the plaintiff must recover costs in error.

.) See Gov. of Missouri v. Rector, 1 Mo. R.,p. 638.
Snell v. Owens, 3 “ “ 225.
Posey v. Buckner, 3 " “ 605.